NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.
You are hereby notified that on <u>09/21/2021</u>
a COMPLAINT has been filed in this case
and you are required to serve the same on or before the
<u>10/21/2021</u>
Michael McGeever, Director
Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | Case Number: |
| --- | --- |
| Simon, Joseph | GD-21-011461 |
| | |
| Barrett, Danielle | Type of pleading: |
| administratrix_of Estate of Janet Simon deceased . | **Complaint** |
| | |
| | Filed on behalf of: |
| | **Barrett Danielle** |
| | |
| | <u>Clarke Victoria Christine</u> |
| | (Name of filing party) |

| Defendant(s) | VS |
| --- | --- |
| | [X] Counsel of Record |
| Wal-Mart Stores East Inc., | |
| c_o CT Corporation System Allegheny | [ ] Individual, If Pro Se |
| Wal-Mart Stores East Inc., | |
| dba Wal-Mart Supercenter | Name, Address and Telephone Number: |
| Wal-Mart Stores East L.P., | **Clarke Victoria Christine** |
| c_o CT Corporation System Allegheny | **518 East Township Line Road** |
| Wal-Mart Stores East L.P., | **Suite 100** |
| dba Wal-Mart Supercenter | **Blue Bell, PA, 19422** |
| | **610 2797000** |
| | Attorney's State ID: **314407** |

Michael McGeever, Director, Department of Court Records

https://dcr.alleghenycounty.us/Civil/View/Internal/WritOfComplaint.aspx?CaseID=GD-21-011461&202ti... 10/6/2021



EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| Plaintiff(s) | |
|---|---|
| DANIELLE BARRETT, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JANET SIMON, DECEASED<br><br>AND<br><br>JOSEPH SIMON | Case Number : GD-21-01141 |
| | Type of pleading : COMPLAINT |
| | Code and Classification : |
| Vs<br>Defendant(s) | Filed on behalf of<br><br>THE PLAINTIFFS<br><br>(Name of the filing party) |
| WAL-MART STORES EAST, L.P. dba WAL-MART SUPERCENTER C/O CT CORPORATION SYSTEM ALLEGHENY<br><br>AND<br><br>WAL-MART STORES EAST, INC. dba WAL-MART SUPERCENTER C/O CT CORPORATION SYSTEM ALLEGHENY | ☐ Counsel of Record<br>☐ Individual, If Pro Se |
| | Name, Address and Telephone Number :<br>OSTROFF LAW, PC<br>518 E. TOWNSHIP LINE ROAD<br>SUITE 100<br>BLUE BELL, PA 19422 |
| | Attorney's State ID : 314407 |
| | Attorney's Firm ID : |

[cover]

**OSTROFF LAW, PC**

By:  Christine V. Clarke, Esquire             Attorney for Plaintiffs

Attorney ID No.: 314407

518 E. Township Line Road, Suite 100

Blue Bell, PA 19422

(610)279-7000

| | |
|---|---|
| DANIELLE BARRETT, individually and : | COURT OF COMMON PLEAS OF |
| as Administratrix of the ESTATE of : | ALLEGHENY COUNTY, PA |
| JANET SIMON, deceased : | |
| 4752 5th Avenue : | CIVIL ACTION – LAW |
| Beaver Falls, PA 15010 : | NO. GD-21- 01146 |
| and : | |
| JOSEPH SIMON : | |
| 2902 23rd Avenue : | |
| Beaver, Falls, PA 15010, : | |
| Plaintiffs : | |
| vs. : | |
| WAL-MART STORES EAST, L.P. d/b/a : | |
| WAL-MART SUPERCENTER : | |
| c/o CT Corporation System Allegheny : | |
| 600 N 2nd Street, Suite 401 : | |
| Harrisburg,17101 : | |
| and : | |
| WAL-MART STORES EAST, INC. : | |
| d/b/a WAL-MART SUPERCENTER : | |
| c/o CT Corporation System Allegheny : | |
| 600 N 2nd Street, Suite 401 : | |
| Harrisburg,17101, : | |
| Defendants : | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

Lawyer Referral Service<br>
Allegheny County Bar Association<br>
11th Floor Koppers Bldg - 436 Seventh Avenue<br>
Pittsburgh, PA 15219<br>
412-261-5555

**OSTROFF LAW, PC**
By: Christine V. Clarke, Esquire        Attorney for Plaintiffs
Attorney ID No.: 314407
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610)279-7000

---

| | |
|---|---|
| DANIELLE BARRETT, individually and as Administratrix of the ESTATE of JANET SIMON, deceased<br>4752 5th Avenue<br>Beaver Falls, PA 15010<br><br>and<br><br>JOSEPH SIMON<br>2902 23rd Avenue<br>Beaver, Falls, PA 15010,<br>         Plaintiffs<br><br>vs.<br><br>WAL-MART STORES EAST, L.P. d/b/a WAL-MART SUPERCENTER<br>c/o CT Corporation System Allegheny<br>600 N 2nd Street, Suite 401<br>Harrisburg,17101<br><br>and<br><br>WAL-MART STORES EAST, INC.<br>d/b/a WAL-MART SUPERCENTER<br>c/o CT Corporation System Allegheny<br>600 N 2nd Street, Suite 401<br>Harrisburg,17101,<br>         Defendants | COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PA<br><br>CIVIL ACTION – LAW<br>NO. GD-21-011461 |

## Civil Action Complaint

1. Plaintiff, Danielle Barrett is an adult individual who resides at the above referenced address.

2. Janet Simon, (hereinafter, "Decedent"), died intestate on October 4, 2020.

3.      On or about November 5, 2020, Plaintiff, Danielle Barrett (hereinafter, "Plaintiff") was granted Letters of Administration on the estate of Decedent, by the Register of Wills, Beaver County, Pennsylvania.

4.      Plaintiff, Joseph Simon (hereinafter, "Plaintiff Husband") is an adult individual who resides at the above referenced address.

5.      At all times relevant, Decedent and Plaintiff Husband were legally married.

6.      Decedent is survived by her husband, Plaintiff, Joseph Simon, and one adult children: Plaintiff, Danielle Barrett; the aforesaid individuals are the sole beneficiaries (hereinafter referred to as "Beneficiaries") of Decedent's estate.

7.      This cause of action is brought by Plaintiff on behalf of the estate of Decedent and its Beneficiaries.

8.      All persons who are entitled by law to recover based upon the death of the Decedent are represented in this action.

9.      Defendant, Wal-Mart Stores East, L.P. d/b/a Wal-Mart Supercenter, (hereinafter, "Defendant Walmart 1") is a foreign limited partnership, duly authorized to conduct business in Pennsylvania, with a registered agent located at the above referenced address in Dauphin County, Pennsylvania.

10.     At all times relevant to this action, Defendant Walmart 1 has had a physical presence in and conducted and continues to conduct a regular and substantial course of business in Allegheny County, Pennsylvania.

11.     Defendant, Wal-Mart Stores East Inc. d/b/a Wal-Mart Supercenter, (hereinafter, "Defendant Walmart 2" and collectively with Defendant Walmart 1, "Defendants") is a foreign corporation and the general partner of Defendant Walmart 1, duly authorized to conduct business

in Pennsylvania, with a registered agent located at the above referenced address in Dauphin County, Pennsylvania.

12. At all times relevant to this action, Defendant Walmart 2 has had a physical presence in and conducted and continues to conduct a regular and substantial course of business in Allegheny County, Pennsylvania.

13. Upon information and belief, at all times relevant hereto, Defendants, individually, jointly and/or severally, by and through their respective duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship, owned, operated, managed, maintained, controlled, delegated and/or supervised multiple retail stores and businesses, including a Wal-Mart Supercenter # 3223 located at 100 Chippewa Town Center, Beaver Falls, Beaver County, Pennsylvania, (hereinafter referred to as the "Premises").

14. At all times relevant hereto, Defendants, individually, jointly and/or severally, by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of such relationships possessed, managed, modified, designed, maintained and/or controlled the Premises, including its interior floors, aisles, endcaps, inventory, equipment, entrances, exits, checkout lanes, shelving, storage cases, fixtures, furnishings, displays, and signs.

15. On or about July 3, 2020, Decedent was lawfully upon the Premises shopping, exercising all due care and caution for her safety, riding an electric cart in one of the Premises' aisles open and intended for business invitees' use.

16. At all times relevant hereto, Decedent was a business invitee on the Premises and was owed the highest duty of care by the Defendants.

17. At the aforesaid time and location, as Decedent drove her cart with all due care and caution through the aisle, she suddenly and without warning had her leg torn open by a sharp clothing display which protruded into the customer aisle and caused Decedent to suffer life threatening injuries.

18. The sharp clothing display protruding into the customer aisle created a hazard which was not readily visible or discernible as business invitees, such as Decedent moved about the Premises.

19. Upon information and belief, at all times relevant, the condition of the sharp, protruding clothing display was created, owned, possessed, managed, constructed, maintained, designed and/or controlled by Defendants, individually, jointly and/or severally, directly and/or by and through their agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants.

20. At the time of Decedent's injury and for a long and excessive time prior thereto, Defendants, individually, jointly and/or severally, by and through their agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to create and/or allow the hazardous condition in the display to form and/or remain in a common area meant for business invitee use.

21. At the aforesaid time and place, the condition of the sharp clothing display protruding into the aisle was an unreasonably dangerous condition of the Premises, directly caused by Defendants' individual and/or joint and/or several negligence and carelessness.

22. The dangerous condition in the aforesaid area constituted a reasonably foreseeable

risk of harm for business invitees such as Decedent.

23. The Defendants, individually, jointly and/or severally, had actual and/or constructive notice of the existence of the dangerous condition for a sufficient time prior to Decedent's injury to have taken measures to correct it and/or to properly warn business invitees such as Decedent of it.

24. At no time relevant to Decedent's injury was there any warning or notice to business invitees such as Decedent of the existence of the hazardous condition in the aisle.

25. At all times material hereto, Decedent was exercising due care and caution for Decedent's safety and in no manner contributed to her resulting injuries.

26. Defendants' individual, joint and/or several negligence and carelessness, and the resulting hazardous condition of the Premises were the direct and proximate cause of Decedent's resulting injuries.

27. As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, the resulting hazardous condition, and Decedent's subsequent injury, Decedent suffered: severe physical injuries including significant laceration to her leg; severe pain; anxiety, depression, and emotional distress; embarrassment; loss of life's pleasures and enjoyment of life.

28. As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Decedent's injuries, Decedent underwent extensive reasonable and necessary medical treatments, including 31 stiches to her leg skin grafting, and multiple revision procedures.

29. As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Decedent's injuries, Decedent incurred medical expenses for the care and treatment of Decedent's injuries.

30. As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Decedent's injuries, Decedent was hindered and/or prevented from attending to and/or fully performing her usual and customary duties, avocations and/or hobbies.

31. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, and Decedent's resulting injuries, Decedent was required to spend money for household help, to her ongoing detriment and financial loss.

32. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, and Decedent's resulting injuries, Decedent was prevented from being gainfully employed, resulting in a loss of earnings, to her ongoing detriment and loss.

**COUNT I - NEGLIGENCE**
**Danielle Barrett, individually and as Administratrix of the**
**Estate of Janet Simon, deceased**
**v.**
**Wal-Mart Stores East, L.P. d/b/a Wal-Mart Supercenter**
**and Walmart Stores East, Inc. d/b/a Wal-Mart Supercenter**

33. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

34. Plaintiff, as Administratrix of the Estate of Decedent, brings this survival action under 20 Pa. Cons. Stat. Ann. §3373 and 42 Pa. Cons. Stat. Ann. §8302.

35. Defendants' individual, joint and/or several negligence and carelessness, directly and/or by and through their duly authorized agents, ostensible agents, servants, borrowed servants,

workmen and/or employees, acting in the course and scope of such relationship, included the following:

    a. creating a hazardous condition, about which they knew and/or should have known;

    b. creating the hazardous condition of the aisle in an area intended for use by business invites, including Decedent;

    c. permitting the hazardous condition to exist on the Premises for an excessive period of time:

    d. failing to regularly and/or properly inspect the Premises for such hazardous conditions;

    e. failing to warn business invitees such as Decedent of the hazardous condition;

    f. failing to provide adequate lighting to illuminate the dangerous condition;

    g. failing to take reasonable measures under the circumstances to protect business invitees such as Decedent from a foreseeable risk of injury;

    h. failing to protect Decedent against the hazardous condition of the aisle when Defendants knew and/or should have known that said aisle with the protruding displays into business invitees' paths were dangerous to business invitees, including Decedent traveling therein;

    i. failing to properly inspect and/or maintain the Premises such that a hazardous condition remained for an unreasonable period of time when it posed a foreseeable risk to the business invitees, including Decedent;

    j. failing to properly remediate the hazardous condition of the aisle;

    k. violating Defendants' own safety requirements with regard to inspection, and/or maintenance of the aisle ways, inventory, and equipment on the Premises;

    l. violating Property Maintenance Code 302.5 Site Hazard, proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous conditions;

    m. hiring, contracting, supervising, training and/or controlling Defendants' agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to possess, manage, modify, design, maintain, control, renovate, construct, clear hazardous conditions upon the Premises who were not qualified to do so in a safe and adequate manner;

n. negligently supervising, training, and/or controlling said Defendants' agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their performance and/or completing of inspection and/or maintenance services, including, but not limited to, clearing floors/aisles on the Premises in a reasonably safe and prudent manner; and

o. placing Defendants' individual, joint and/or several pecuniary interests above the safety and wellbeing of lawful business invitees such as Decedent.

36. As a direct and proximate result of Defendants' individual, joint, and/or several negligence and carelessness, and Decedent's resulting injuries, Decedent suffered and Defendants are individually, jointly, and/or severally liable for damages, including:

a. Decedent's pain and suffering between the time of the injury and the time of her death;

b. Decedent's loss of income;

c. Decedent's other financial losses suffered as a result of her injuries, including but not limited to: medical expenses and health insurance liens; and

d. Decedent's loss of enjoyment of life.

WHEREFORE, Plaintiff, Danielle Barrett, individually and as Administratrix of the Estate of Janet Simon, deceased, demands judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

**COUNT II – LOSS OF CONSORTIUM
Joseph Simon
v.
Wal-Mart Stores East, L.P. d/b/a Wal-Mart Supercenter
and Walmart Stores East, Inc. d/b/a Wal-Mart Supercenter**

37. Plaintiff Husband incorporates by reference the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

38. As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants and Decedent's resulting injuries, Plaintiff Husband suffered the loss of aid, assistance, and comfort of his wife.

39. As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, and Decedent's resulting injuries, Plaintiff Husband has expended specific time, care and/or treatment to his wife.

WHEREFORE, Plaintiff, Joseph Simon, demands judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

**OSTROFF LAW, PC**

Dated: 09/21/2021                    By: /s/Christine V. Clarke
                                           Christine V. Clarke, Esquire
                                           Attorney for Plaintiffs

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Danielle Barrett*
Plaintiff, Danielle Barrett, as Administrator for the Estate of Janet Simon

## Verification

The undersigned, Administrator for the Estate of Decendent in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Danielle Barrett*
Plaintiff, Danielle Barrett, as Administrator for the Estate of Janet Simon