IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIELLE BARRETT *INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JANET SIMON, DECEASED*, and JOSEPH SIMON, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES EAST, L.P. *c/o CT CORPORATION SYSTEM ALLEGHENY doing business as* WAL-MART SUPERCENTER, WALMART STORES EAST, INC. *c/o CT CORPORATION SYSTEM ALLEGHENY doing business as* WALMART SUPERCENTER, <br><br> Defendants. | Civil Action No. 21-1684 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 19 |

## MEMORANDUM ORDER

Plaintiffs Danielle Barrett, individually and on behalf of the Estate of Janet Simon, and Joseph Simon ("Plaintiffs") bring tort claims under Pennsylvania law arising out of allegations that Plaintiffs' decedent, Janet Simon ("Ms. Simon"), was injured by a protruding clothing display at a Wal-Mart store in Beaver County, Pennsylvania. ECF No. 1-2. Ms. Simon subsequently passed away for unrelated reasons. ECF No. 19 at 1 n.1.

The parties reached a settlement in this matter on May 5, 2022. Id. ¶ 2. Under Section 3323 of the Pennsylvania Probate, Estates, and Fiduciaries Code, court approval is needed "to compromise or settle any claim . . . by or against an estate." 20 Pa. C.S.A. § 3323(a). Presently before the Court is a Joint Motion for Leave to File Plaintiffs' Petition for Approval of

Settlement Under Seal, in which the parties request the Court to approve Plaintiffs' filing the Petition for Approval of Settlement and corresponding settlement agreement under seal. ECF No. 19.

In support of this motion, the parties argue that these materials should be sealed for privacy reasons because this case involves the "intimate details of the decedent's health and biographical information," and that Ms. Simon's death is an emotionally fraught topic for Plaintiffs who wish to avoid unwanted inquiry by third parties. Id. ¶ 12. The parties also contend that this case presents similar considerations as Singleton v. PharmaTech, LLC, No. 17-921, 2020 WL 7769835 (W.D. Pa. Dec. 30, 2020), in which the court approved sealing materials related to the petition for settlement approval. Id. ¶¶ 10-13. As for the settlement agreement, the parties argue they have agreed to confidentiality as a term, Defendants deny liability, that settlement agreements are not typically required to be made public, and that there is no need for the public to access this information. Id. ¶¶ 14-16.

A party seeking to file materials under seal must overcome the "strong presumption" that favors the right of public access to judicial records. In re Avandia, 924 F.3d 662, 672-73 (3d Cir. 2019). To do so, the proponent of sealing "must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" Id. (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)); see also Singleton, 2020 WL 7769835, at *7-8.

Upon review, the Court finds that the parties' request to seal the entire petition for settlement approval and settlement agreement is overbroad. While the Court recognizes the parties' interest in protecting, and potential harm in disclosing, private medical information, the

amount of the settlement, and any sensitive personal identifying information, it finds no support for sealing the entirety of the petition and settlement agreement.

In particular, to the extent the parties rely on Singleton in support of sealing the petition as a whole, the Court finds this case to be distinguishable. In Singleton, the court considered whether to seal materials in a case involving the death of a minor, and only did so temporarily pending the resolution of parallel litigation in another forum. Singleton, 2020 WL 7769835, at *8-10. The parties do not identify similar considerations in this case.

And, while the parties refer the Court to authority that settlement agreements ordinarily are not considered "judicial records" subject to disclosure, the authority they cite refers to settlement agreements that are not filed with the Court. ECF No. 19 ¶ 14 (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994) ("when a settlement agreement is not filed with the court, it is not a 'judicial record' for purposes of the right of access doctrine.") (citations omitted)). Because the parties will be filing the settlement agreement with the Court for the purpose of requesting judicial approval in this case, it is a judicial record and subject to the presumption of public access. Mesta v. Citizens Bank, N.A., No. 14-703, 2015 WL 4039358, at *2 (W.D. Pa. June 30, 2015).

For these reasons, the Court will grant in part and deny in part the motion. An appropriate Order follows.

AND NOW this 23rd day of September, 2022, IT IS HEREBY ORDERED that the Joint Motion for Leave to File Petition for Approval of Settlement and Distribution under Seal is GRANTED IN PART and DENIED IN PART. It is ORDERED that the Petition for Approval of Settlement Distribution shall be filed under seal with appropriate redactions relative to any medical information, sensitive personal identifying information, and the settlement amount. As

such, this Order permits only the filing of the Petition with appropriate redactions.  The entire Petition will not be sealed.

After receiving notice of the order of court, you must provide the sealed document to the Clerk of Court both on paper and on disk, in pdf format.  In the alternative, you may contact the Intake Section and make arrangements to email the pdf to the Clerk of Court.  The sealed version of the document WILL NOT be docketed by the Clerk of Court until the party electronically files the redacted version of the documents (using the Redacted Document event located under Other Documents), unless otherwise ordered by the Court.  You would be required to serve the sealed document on counsel using traditional service methods.

BY THE COURT:

  **_/s/ Maureen P. Kelly_**
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE